ORIGINAL

GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2021 NOV 17 PM 3:35

FILED

BY EL DEPUTY

DODD LAW FIRM, P.C.
Matthew A. Dodd
3825 Valley Commons Dr., Suite 2
406.577.2391
406.551.7601 fax
matt@doddlawfirmpc.com

IN THE EIGHTEENTH JUDICIAL DISTRICT COURT,
COUNTY OF GALLATIN,
STATE OF MONTANA

| | |
|---|---|
| **Isabel Marble, Evan Marble and Kathy Marble,**<br><br>Plaintiffs,<br>vs.<br><br>**Deborah Everly,**<br><br>Defendant. | Case No. DV-21-1248C<br><br>Judge<br><br>**Complaint and Demand for Jury Trial**<br>(1) Summons Issued |

COME NOW Plaintiffs Isabel Marble, Evan Marble and Kathy Marble and file this Complaint for Damages and Jury Demand against Deborah Everly, showing the Court as follows:

**INTRODUCTION**

1. Defendant Everly negligently operated her vehicle, failing to yield at a stop sign, striking Plaintiff Isabel Marble and her motorcycle, ejecting her from her motorcycle and causing severe, debilitating injuries, including the amputation of Isabel's right leg. Plaintiffs file this Complaint to recover compensation for Plaintiffs' substantial medical expenses, past and future, and extensive pain and suffering.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs Isabel Marble, Evan Marble and Kathy Marble are adult citizens and residents of the State of Georgia.

3. Defendant Deborah Everly is an adult citizen and resident of Douglas County, Colorado.

4. Defendant Everly is subject to jurisdiction in this court pursuant to Rule 4(b)(1)(B) of the Montana Rules of Civil Procedure because the tortious conduct and resulting injuries described herein occurred in Montana.

5. This Court has original subject matter jurisdiction of this matter pursuant to § 3-5-302, MCA.

6. Venue is proper in this Court, pursuant to § 25-2-122, MCA, because the Incident described herein occurred in Gallatin County, Montana.

## FACTUAL BACKGROUND

7. On June 15, 2021, Plaintiff Isabel Marble was driving her 1997 Harley Davidson Fat Boy motorcycle northbound on North Canyon Street in West Yellowstone, Gallatin County, Montana.

8. At the same time, Defendant Deborah Everly was driving her 2010 Toyota Highlander westbound on Gibbon Avenue where it intersects with North Canyon Street.

9. As Defendant Everly approached the intersection with North Canyon Street, Plaintiff Isabel Marble had the right of way on North Canyon Street.

10. As Defendant Everly approached the intersection with North Canyon Street, despite the stop sign in place at the intersection, she took a left turn into Isabel's lane of travel, failing to yield the right-of-way.

11. Defendant Everly slammed her vehicle into Isabel with extreme force, pinning Isabel's right leg between her motorcycle and Everly's vehicle and ejecting Isabel from her motorcycle.

12. As a result of Defendant Deborah Everly's negligence, Plaintiff Isabel Marble sustained severe injuries, including a below-the-knee amputation of her right leg.

13. Because Plaintiff Isabel Marble was a minor at the time of the collision, her parents, Plaintiffs Evan Marble and Kathy Marble, are responsible for the substantial medical expenses incurred as a result of the collision.

14. Since reaching majority, Plaintiff Isabel Marble has incurred and will continue to incur substantial medical expenses as a result of the collision.

15. At all relevant times, Defendant Deborah Everly owned the vehicle that she was driving at the time of the collision.

**LEGAL LIABILITY**

**Count I: Negligence**

16. Plaintiffs incorporate the paragraphs above verbatim into this Count.

17. Defendant Deborah Everly had a duty to exercise ordinary care in operating a motor vehicle and to abide by Montana law and established rules of the road.

18. Defendant Everly had a duty to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.

19. Defendant Everly had a duty to maintain a proper lookout.

20. Defendant Everly had a duty to stop and yield when others had the right of way.

21. Defendant Everly had a duty not to collide with Plaintiff Isabel Marble and her motorcycle.

22. Defendant Everly breached these duties when she failed to yield the right of way and slammed into Plaintiff Isabel Marble and her motorcycle.

23. Defendant Everly was negligent because she failed to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.

24. As a direct and proximate result of Defendant Deborah Everly's negligence, Plaintiffs suffered significant injuries and general and special damages in an amount to be determined by the enlightened conscience of the jury based on the evidence at trial, but in any event an amount well in excess of the jurisdictional minimum to confer jurisdiction in this Court.

**Count II: Negligence Per Se**

25. Plaintiffs incorporate the paragraphs above verbatim into this Count.

26. The State of Montana has passed laws designed to regulate the operation of motor vehicles on the ways of the State open to the public.

27. Defendant Everly was subject to the traffic regulations imposed by the State of Montana.

28. Defendant Everly had a statutory duty to "stop before entering the crosswalk on the near side of the intersection...at a clearly marked stop line...[or] at the point nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway before entering the intersection...." § 61-8-344(3), MCA.

29. Defendant Everly violated § 61-8-344(3), MCA, by failing to stop at a stop sign.

30. Defendant Everly had a statutory duty to drive "in a careful and prudent manner that does not unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the highway." § 61-8-302, MCA.

31. Defendant Everly had a statutory duty not to "turn [her] vehicle from a direct course or move right or left upon a roadway unless the movement [could] be made with reasonable safety...." § 61-8-339(1), MCA.

32. Defendant Everly violated § 61-8-302, MCA, and § 61-8-339(1), MCA, when she failed to yield the right-of-way to Plaintiff Isabel Marble.

33. Plaintiff Isabel Marble is in the class of people the above-cited statutes are intended to protect, and the purpose of those statutes is to prevent the kind of harm Isabel suffered.

34. Defendant Everly failed to exercise ordinary care in the management and operation of her automobile, and is therefore liable to Plaintiffs pursuant to Montana common law and § 27-1-701, MCA.

35. Defendant Deborah Everly breached her duty of ordinary care, was negligent, *per se*, or both, by, among other things:

a. Failing to stop at a stop sign;

b. failing to keep a proper lookout;

c. failing to yield; and

d. failing to exercise ordinary care.

36. As a direct and proximate result of Defendant Deborah Everly's negligence, *per se*, Plaintiffs suffered significant injuries and general and special damages in an amount to be determined by the enlightened conscience of the jury based on the evidence at trial, but in any event an amount well in excess of the jurisdictional minimum to confer jurisdiction in this Court.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

(a) Judgment in favor of Plaintiffs on all counts;

(b) An award of compensatory damages in an amount that will fully, fairly, and reasonably compensate Plaintiffs;

(c) An award of the costs of litigation and attorney fees, pursuant to statute, contract, and/or equitable principles;

(d) An award of pre- and post-judgment interest;

(e) Trial by twelve (12) person jury; and

(f) Any other relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted this 17th day of November, 2021.

DODD LAW FIRM, P.C.

Matthew A. Dodd
*Attorney for Plaintiffs*